UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDREW DUGGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:08 CV 162 |
| | ) |
| DAVID DONAHUE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Andrew Dugger ("Dugger"), a *pro se* plaintiff, filed an amended complaint (DE # 4) alleging that defendants, the Indiana Department of Corrections Commissioner and the Westville Correctional Facility Superintendent, have not responded to Dugger's requests for placement in "a long term state hospital for care." (*Id.* at 5.) In his amended complaint, Dugger also alleges that the treatment he is receiving for his mental illness is ineffective. (*Id.*)

Pursuant to 28 U.S.C. § 1915A, a court must review the merits of a prisoner complaint and must dismiss it if the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Federal courts apply the same standard

under § 1915A as they do when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). As the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit") has stated:

> In order to state a cause of action under 42 U.S.C. § 1983, . . . [first, a] plaintiff must allege that some person has deprived him of a federal right . . . . Second, [a plaintiff] must allege that the person who has deprived him of the right acted under color of state . . . law . . . . These elements may be put forth in a 'short and plain statement of the claim showing that the pleader is entitled to relief . . . .' In reviewing the complaint on a motion to dismiss, 'no more [is required] from plaintiff['s] allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.'

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (internal citations omitted).

Furthermore, as the United States Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

However, FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) still requires a showing, and not just "a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing

2

not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at n.3.

A document that is "filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . .'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (internal citations omitted). However, "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp.*, 127 S. Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Dugger alleges that he is mentally ill. (DE # 4 at 3.) Dugger further contends that his condition is so severe that he suffers from a split personality, blackouts, hallucinations, and nightmares. (*Id.* at 3-4.) Dugger claims that he had a court-ordered psychiatric evaluation in 2007, after which the Madison Superior Court deemed him "incompetent to appear in court." (*Id.* at 5.) According to Dugger, the state court gave the correctional facility three months to "help" his sickness, and, if he was not helped, Dugger asserts that the state court believed that he should be placed in a state hospital. (*Id.*) Dugger states, "I have never received any help from the prisons or mental hospitals at these prisons, nor have I received any help with the medications they have prescribed." (*Id.* at 4.) Dugger states that, although he has filed grievances every other week since December 1, 2007, he has not received any acknowledgment or other response. (*Id.*) Dugger wants to be transferred to a state hospital and wants to receive a court-ordered psychiatric professional's evaluation. (*Id.* at 5.)

Because of the Eighth Amendment's prohibition on cruel and unusual punishment, the government must "provide medical care for those [prisoners] it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). In medical cases, the Eighth Amendment test is expressed in terms of whether a defendant was deliberately indifferent to a plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007).

Although it is clear that Dugger is under the care of medical experts, defendants are not medical personnel. When a prisoner is under the care of medical experts, generally, a non-medical prison official may justifiably rely on the medical personnel who treat the prisoner. *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005). This naturally follows from the prison's division of labor. *Id.* Dividing responsibility for the various aspects of prisoner life among guards, administrators, physicians, and so on, promotes prisoner health and safety. *Id.* To hold a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor. *Id.*

Dugger's mental illness is, arguably, a serious medical need that meets the objective part of the Eighth Amendment test. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). However, the subjective prong of the Eighth Amendment test, deliberate indifference, is "something approaching a total unconcern for [a plaintiff's] welfare in the face of serious risks, . . . or a conscious, culpable refusal to prevent harm . . . ." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (internal citations omitted). Even

4

medical malpractice and incompetence do not state a claim of such deliberate indifference. *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000).

Dugger does not allege, and it would not be reasonable to infer, that he is not receiving treatment for his mental illness. Rather, Dugger complains that the treatment and medications have not helped him because he still has symptoms. It is not clear what additional treatment Dugger seeks. He repeatedly emphasizes that, while the state court purportedly set a three month limit for defendants to "help" him, their efforts have not succeeded. As a result, Dugger wants to be moved to a state hospital.

As the Seventh Circuit has stated, "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. [A prisoner] is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Obviously, not all medical treatment is successful. Furthermore, the Eighth Amendment does not require success, it only prohibits wanting harm to come to the inmate. Dugger does not allege, and based on his complaint it would not be reasonable to infer, that defendants' medical personnel have prescribed, or want to prescribe, additional treatment but have been prevented from doing so. Consequently, "[a]t best, he alleges a disagreement with medical professionals about his needs. This does not state a cognizable Eighth Amendment claim . . . ." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

Furthermore, to the extent that Dugger's request to be placed in a state hospital constitutes an attack on his confinement, it must be dismissed. The United States Supreme Court has held that a writ of habeas corpus is the "sole federal remedy" for a

state prisoner who is "challenging the very fact or duration of his physical imprisonment" and who is seeking an immediate or speedier release from that imprisonment, even though such a claim may come within the literal terms of §1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Indeed, the Seventh Circuit has admonished district courts not to convert civil rights complaints into habeas corpus petitions. *See Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir. 1996).

Dugger also alleges that, although he has regularly filed grievances about his treatment for his mental illness since December 2007, he has not received any response. The First Amendment's "right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Accordingly, this charge by Dugger does not state a claim upon which relief can be granted.

For the foregoing reasons, this court **DISMISSES** with prejudice this entire case pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

**DATED:** October 17, 2008

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT